# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Douglas E. Arpert |
| v. | Mag. No. 18-1505 (DEA) |
| MICHAEL LAURIE | **CRIMINAL COMPLAINT** |

I, Joshua M. Liberman, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent of the Federal Bureau of Investigation, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

Joshua M. Liberman, Special Agent
Federal Bureau of Investigation

Sworn to before me, and
subscribed in my presence

January 31, 2018 at
Trenton, New Jersey

HONORABLE DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

On or about August 10, 2012, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

**MICHAEL LAURIE,**

as an officer, employee and agent of a financial institution as defined in 18 U.S.C. § 20, did knowingly and corruptly solicit, demand and accept things of value exceeding $1,000, specifically a corrupt payment totaling six-thousand dollar ($6,000), intending to be influenced and rewarded in connection with the business and a transaction of such institution.

In violation of 18 United States Code Section 215(a)(2) and Section 2.

## ATTACHMENT B

I, Joshua Liberman, am a Special Agent with the Federal Bureau of Investigation. I have participated in this investigation, discussed this matter with other law enforcement officers, and have reviewed documents and other materials. I have knowledge of the following facts. Because this Criminal Complaint is being submitted only for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause. Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part and all dates and figures are approximate.

1. At all times relevant to this Complaint, defendant, MICHAEL LAURIE, was employed as a Managing Director and Senior Vice President by a federally-insured depository institution, which is a "financial institution" as defined in 18 U.S.C. § 20 (the "Employer Bank").

2. A co-conspirator ("CC-1") owned two New Jersey Limited Liability Companies ("LLC 1" and "LLC 2") that were purportedly engaged in the business of, among other things, the facilitation and verification of certain financial instruments to be issued by third-party financial institutions.

3. In or about June and July 2012, a company ("Client 1") hired LLC 1 to provide and verify a financial instrument in order to facilitate a $25,000,000 financial instrument. This involved the issuance of a ready willing and able letter ("RWA") by a bank.

4. In or about July and August 2012, another company ("Client 2") hired LLC 1 to provide and verify a financial instrument in order to facilitate a $15,000,000 financial instrument, which also involved the issuance of a RWA by a bank.

5. On or about August 3, 2012, an employee of LLC 1 sent a draft of the RWA for Client 1 to defendant LAURIE by e-mail.

6. On or about August 7, 2012, defendant LAURIE executed the two RWAs in his capacity as Managing Director and Senior Vice President of the Employer Bank. He then e-mailed copies of the executed RWAs for Client 1 and Client 2 to CC 1 and LCC 1.

7. On or about August 10, 2012, CC 1 withdrew approximately $9,099.76 from a bank account in the name of LLC 2. CC 1 then purchased a bank check in the amount of approximately $6,000 payable to defendant MICHAEL LAURIE (the "Bribe Check"). The "re" line of the Bribe Check

referenced LLC 2, Client 1 and Client 2 by abbreviations of the companies' names and included the term "RWA."