

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*R. Joseph Gribko*  *402 East State Street, Room 430*  *609-989-2020*
*Assistant United States Attorney*  *Trenton, New Jersey 08608*  *Fax: 609 -989-2275*

March 19, 2021

Honorable Brian Martinotti, U.S.D.J.
United States District Judge
Clarkson S. Fisher Federal Courthouse
402 East State Street
Trenton, New Jersey 08608

  **Re: United States v. Michael Laurie**
     <u>**Criminal No. 18-521 (BRM)**</u>

Dear Judge Martinotti:

  The Government opposes defendant Michael Laurie's letter request under 18 U.S.C. § 3583(e)(1) for early termination of his four-year term of supervised release. That motion fails to satisfy the criteria for early termination.

  On September 6, 2018, Laurie entered a guilty plea to a one-count Information that charges him with bribery of a bank official in violation of 18 U.S.C. §§ 215(a)(2) and 2.  Based his conduct, Laurie was subject to an advisory Guidelines imprisonment range of 12 to 18 months.  [PSR ¶ 32]. Nevertheless, on February 19, 2019, the Court sentenced Laurie to time served (1 day of incarceration) and four years of Supervised Release. [ECF 26].

  The Third Circuit's recent decision in *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020). clarified the legal standard governing motions for early termination of supervised release. It held that it was error to rely on prior "non-precedential decisions [in *United States v. Laine*, 404 F. App'x 571, 573–74 (3d Cir. 2010) and *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)] for the proposition that early termination is warranted only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it, or upon a showing of new or unforeseen circumstances." *Id* at 53.  (citations omitted).

Therefore, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* That doesn't mean, however, that a district court should not consider a lack of new or unforeseen circumstances at all. As *Melvin* explained:

> We think that "[g]enerally, early termination of supervised release under § 3583(e)(1)" will be proper "only when the sentencing judge is satisfied that new or unforeseen circumstances" warrant it. *Davies*, 746 F. App'x at 89 (internal quotation marks omitted). That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

*Id.*

Moreover, it remains the defendant's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). After all, it "logically follows that the burden of ultimate persuasion should rest upon the party attempting to adjust the sentence." *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989). In assessing whether the defendant has met that burden, this Court must consider the factors set forth in 18 U.S.C. § 3553(a).

"After considering these factors, this Court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52-53 (citing 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quotation marks omitted). Furthermore, "[d]istrict courts are not required to make specific findings of fact with respect to each of these" specified § 3553(a) "factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Melvin*, 978 F.3d at 53. Here, examining the factors set forth in 18 U.S.C. § 3553(a), the defendant's conduct and the interests of justice do not favor early termination.

Here, Laurie has not carried his burden of demonstrating that early termination of his four-year period of Supervised Release is warranted after he has served only two of the four years. His only argument is that he has "abided

by all the conditions of supervised release and the early termination would allow the Probation Office to concentrate its' resources elsewhere." However, mere compliance with the terms of Supervised Release, while commendable, is also expected. Such mere compliance with the terms of supervision is insufficient and does not justify early termination.

Continued supervision is warranted when one considers the relevant statutory factors under 18 U.S.C. § 3583(e)(1). In particular, the nature and circumstances of Laurie's crimes support service of his full term of supervision. *See* 18 U.S.C. § 3553(a). Laurie abused his position of trust as Managing Director and Senior Vice president of a federally insured bank and put his employer at risk for his own benefit. Similarly, continuing supervised release in this case is justified by the need to promote respect for the law and provide just punishment. The factors of deterrence and protection of the public counsel against early termination. Moreover, granting Laurie's motion would create sentencing disparity that is undesirable under § 3553(a)(6). Considered in total, nothing in the remaining factors particularly supports early termination in this case, where the Court carefully determined the term of supervised release imposed.

For the foregoing reasons, Laurie's motion should be denied.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

*s/R. Joseph Gribko*
By:  R. JOSEPH GRIBKO
Assistant U.S. Attorney

cc:   David E. Schafer, Esq.